UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEILIANG LOH,<br><br>   Plaintiff,<br><br>   v.<br><br>MILAGRO RICHARDSON-BROWNE, et al.,<br><br>   Defendants. | CIVIL NO. 10-0054(NLH)<br><br>**OPINION** |

**APPEARANCES:**

BEILIANG LOH
1964 E. OAK ROAD
UNIT A-1
VINELAND, NJ 08361
   Appearing *pro se*

MELISSA LYNN DICKEY
U.S. DEPARTMENT OF JUSTICE
P.O. BOX 227
BEN FRANKLIN STATION
WASHINGTON, DC 20001
   Attorney for Defendant Milagro Richardson-Browne

KARI KNIGHT STEVENS
BLANK ROME LLP
301 CARNEGIE CENTER
3RD FLOOR
PRINCETON, NJ 08540
   Attorney for Defendant Wade R. Sjogren

MARK BLONDMAN
BLANK, ROME, LLP
600 NEW HAMPSHIRE AVENUE NW
WASHINGTON, DC 20037
   Attorney for Defendant Wade R. Sjogren

**HILLMAN**, District Judge

This matter comes before the Court upon Defendants' Motions to Dismiss Plaintiff's Complaint.[1] (Docs. 7 & 8).  Defendant Sjogren filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim. Defendant Richardson-Browne filed a Motion to Dismiss Plaintiff's Complaint for failure to properly effect service and that sovereign immunity bars the suit.  For the reasons expressed below, Defendant Sjogren's Motion to Dismiss shall be granted and Defendant Richardson-Browne's Motion to Dismiss shall be denied as moot.

I.  **Background**[2]

Plaintiff, an employee of Whibco, Inc. (hereinafter "Whibco"), challenges Whibco's removal of $8,396.00 from his 401(k) retirement account in the Whibco, Inc. Non-Union Retirement Plan (hereinafter "Plan").[3]  In 2006, the Internal

---

[1] Although Defendants Richardson-Browne and Sjogren are improper parties to this suit, the Court will proceed with its analysis because the substitution of the aforementioned Defendants with the proper parties would not alter the Court's ultimate decision on dismissal.

[2] Given that the present matters before the Court are Defendants' Motions to Dismiss, the operative facts are culled from Plaintiff's Complaint, accepted as true, and considered in a light most favorable to the nonmoving party. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

[3] The Internal Revenue Service is responsible for the administration and interpretation of tax-qualification rules, which are generally contained in 26 U.S.C. § 401(a).  The 401(k)

Revenue Service (hereinafter "IRS") announced that individuals may contribute a maximum of $15,500 to their 401(k) account for 2007.[4]  Sometime in 2007, Plaintiff contributed $15,500 to his 401(k) account.  On August 31, 2009, Defendant Richardson-Browne, an IRS agent performing an audit of Whibco's plan, mailed IRS Form 4565 to Whibco.  This form instructed the company to remove $8,396.00 from Plaintiff's 401(k) account.  According to the letter, in order to remain in accordance with the Plan provisions, the $8,396.00 must be removed because it represented

---

is one type of tax-qualified retirement plan.  This plan permits eligible employees to "elect to have the employer make payments as contributions to a trust under the [401(k)] plan on behalf of the employee, or to the employee directly in cash." 26 U.S.C. § 401(k).  If an employee elects to receive payment as a contribution into his 401(k) plan, he receives a tax benefit. Id. Any contributions to a 401(k) plan are termed "elective deferrals." Treas. Reg. § 1.402(g)-1(b).  The law, however, limits an employee's contributions to his 401(k) account. 26 U.S.C. § 401(k).  One restriction is on the amount of elective deferrals an employee can make in a given calender year. See 26 U.S.C. § 402(g)(1).  Another restriction, although not required under IRS Code, permits an employer to limit an employee's elective deferrals, termed an "employer-provided limit." Treas. Reg. § 1.414(v)-1(b)(1).  This employer-provided limit may restrict an employee's contribution into his 401(k) account to a percent of his salary. See Treas. Reg. § 1.414(v)-1(b)(1)(ii).

[4] Although not specifically indicated in his Complaint, Whibco's 401(k) plan has an employer-provided contribution limit. This limit prohibits contributions in excess of 15% of an employee's compensation.  In other words, at maximum, an individual's contributions into his 401(k) account may not exceed the lesser of: (1) up to 15% of his income or (2) the applicable annual deferral limit.  For example, under a 401(k) plan subject to an employer-provided contribution limit, an employee earning $50,000 may only deposit $7,500 into his 401(k) account.  In his Complaint, Plaintiff seemingly acknowledges this limitation.

3

money deposited into Plaintiff's 401(k) account that was in excess of 15% of his compensation.  Shortly after receiving this form, Whibco removed $8,396.00 from Plaintiff's 401(k) account without informing him of the withdrawal.

Plaintiff filed this Complaint on January 6, 2010.  He requests, in essence, that the Court nullify IRS Form 4565 sent by Defendant Richardson-Brown, return of $8,396.00[5] to his 401(k) account and partial compensation of $175.00 from each party to fully compensate his $350.00 filing fee.  On March 25, 2010, Defendant Richardson-Browne moved for dismissal and the following day Defendant Sjogren moved for dismissal.  Plaintiff opposes both Motions.

## II. Analysis

### A. Standard for Motion to Dismiss[6]

When considering a motion to dismiss a complaint for failure

---

[5]  In his response to Defendants' Motions to Dismiss, Plaintiff indicates that as an "express[ion] [of his] cooperation and kindness," he will "voluntarily reduce" his "request of the return amount to [his] 401(k) account from $8,396.00 to the catch-up amount of $5,000." (Doc. 9).

[6] In analyzing a Fed. R. Civ. P. 12(b)(1) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Fed. R. Civ. P. 12(b)(6). In re Franklin Mut. Funds Fee Litig., 388 F. Supp.2d 451, 459-60 (D.N.J. 2005) (holding that when a defendant files a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the standard of review for a "facial attack" is similar to the standard governing a Fed. R. Civ. P. 12(b)(6) motion to dismiss).  This case involves a facial challenge.  The Court will, therefore, analyze the Motions to dismiss under the Fed. R. Civ. P. 12(b)(6) standard.

to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)).  Under the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis.  First, a claim's factual and legal elements should be separated; a "district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the

5

plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Id.; see Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting Twombly, 550 U.S. at 556)). The defendant bears the burden of showing that no claim has been presented. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

**B. Plaintiff Does Not Have a Private Right of Action Under § 401(k) of the IRS Code.**

Plaintiff seemingly challenges the legality of employer-based contribution caps and Whibco's removal of $8,396.00 from his 401(k) account. Plaintiff specifically contends that the Court should interpret § 401(k) of the IRS Code in a manner that does not "demonstrate prejudice against lower salaried workers who wish to make a greater contribution to their retirement accounts." (Doc. 1). Defendant Sjogren argues that Plaintiff's Complaint should be dismissed because § 401(k) of the IRS Code does not establish a private right of action.

6

Plaintiff brings his claim under § 401(k) of the IRS Code. It is well established that an individual may not file suit to enforce a federal law unless Congress authorizes private enforcement. McGovern v. City of Philadelphia, 554 F.3d 114, 116 (3d Cir. 2009); Three Rivers Ctr. for Indep. Living v. Hous. Auth. of City of Pittsburgh, 382 F.3d 412, 419-20 (3d Cir. 2004). To determine whether Congress created a private enforcement right of action under a federal statute, courts must ascertain "(1) whether Congress intended to create a personal right in the plaintiff; and (2) whether Congress intended to create a personal remedy for that plaintiff." McGovern, 554 F.3d at 116; Alexander v. Sandoval, 532 U.S. 275, 286 (2001) ("The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy"). Both inquiries must be answered affirmatively before a court may conclude that Congress granted a private right of action. McGovern, 554 F.3d at 116.

After an examination of § 401 of the IRS Code, the Court cannot conclude that Congress intended to create either a personal right or remedy for the Plaintiff. Courts in other jurisdictions have also reached the same conclusion. *See e.g.* Reklau v. Merch. Nat. Corp., 808 F.2d 628, 631 (7th Cir.); Cowan v. Keystone Emp. Profit Sharing Fund, 586 F.2d 888, 890 n. 3 (1st Cir 1978) (Plaintiff "has also argued that he has a cause of

7

action under I.R.C. § 401. He has not spelled out any plausible theory supporting this position, however, and we can think of none. This section does not appear to create any substantive rights that a beneficiary of a qualified retirement trust can enforce"); Wiesner v. Romo Paper Products Corp. Emp. Ret. Plan, 514 F.Supp. 289, 291 n.2 (E.D.N.Y. 1981).  This Court must dismiss Plaintiff's Complaint.[7]  Section 401 of the IRS Code does not grant Plaintiff a private cause of action, therefore, he lacks standing to proceed.[8]

---

[7]  Even though pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 107 (1976), pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel....").

[8]  Assuming argumendo that Plaintiff could proceed, his claim would still fail because Plaintiff does not state a claim for which relief can be granted.  In the Third Circuit, "[b]reach of contract principles . . . govern disputes arising out of the plan documents." Kemmerer v. ICI Americas Inc., 70 F.3d 281, 287 (3d Cir. 1995).  In the present matter, Whibco neither violated any provisions of the IRS Code or its 401(k) Plan requirements.  As evidenced by Plaintiff's own exhibit, IRS Form 4565, the 401(k) Plan was in complete compliance with IRS regulations.  This form required Whibco's removal of the excess funds deposited in Plaintiff and another employee's 401(k) accounts in order to remain in compliance with the Plan provisions, specifically the employer-provided limit.  As noted in footnote 3, IRS Code permits an employer to establish an employer-provided limit and restrict a plan participant's contributions. See Treas. Reg. 1.414(v)-1(b)(1).  Because Whibco's 401(k) Plan contained an employer-provided limit, the removal of $8,396.00 from Plaintiff's 401(k) account occurred in order for the company to

**III. CONCLUSION**

For the reasons expressed above, Defendant Sjogren's Motion to Dismiss [8] shall be granted and Defendant Richardson-Browne's Motion to Dismiss [7] shall be denied as moot. An appropriate order will be entered.


Date: December 2, 2010                    s/ Noel L. Hillman
At Camden, New Jersey                     NOEL L. HILLMAN, U.S.D.J.

---

remain compliant with the requirements of the 401(k) Plan. In his Opposition Brief to Defendants' Motions, Plaintiff additionally argues that a 2007 Amendment to the Plan eliminated the employer-provided limit. This contention is incorrect. The 2007 Amendment altered the plan to ensure compliance with 26 U.S.C. § 415 and only referenced the maximum annual additions that may be contributed to the 401(k) Plan. The Amendment did not alter the employer-provided limits. Finally, Plaintiff also contends that § 401(k) of the IRS Code should be interpreted as not to "demonstrate prejudice against lower salaried workers who wish to make a greater contribution to their retirement accounts." (Doc. 1). This claim also fails. The IRS, not the Court, is charged with promulgation of tax regulations and its interpretation of federal law is entitled to deference. *See generally* Bankers Life and Cas. Co. v. U.S., 142 F.3d 973 (7th Cir. 1998) (holding that a Treasury Department Regulation issued under the IRS's general authority to promulgate rules was entitled to Chevron deference). The Court, therefore, will not substitute its opinion for that of the IRS and overturn its regulation establishing employer-provided limits.